**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ZAKII TAWWAB WAHIID, #K-52467,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 04-875-DRH** |
| ) | |
| **SCOTT DEMPSEY, T. ANDERSON** ) | |
| **and NANCY S. TUCKER,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

The Court previously granted Plaintiff's request for leave to proceed *in forma pauperis* and assessed an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(2).  In response to an order directing him to show cause why he was unable to pay that fee, Plaintiff filed another motion to proceed *in forma pauperis* (Doc. 9), which the Court construes as a request for a temporary waiver of Plaintiff's initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(4).  The Court finds that Plaintiff currently has no assets, and he currently has no means, with which to pay that fee.  Therefore, the instant motion is **GRANTED**.  Plaintiff's initial partial filing fee is temporarily waived until such time as he has means to pay it.

Three other motions are currently pending in this action.

**MOTION TO APPOINT COUNSEL (DOC. 3)**

There is no absolute right to appointment of counsel in a civil case.  *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971).  When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts.  *Jackson v. County of McLean*, 953 F.2d 1070, 1072

(7th Cir. 1992).  Plaintiff makes no showing that he has attempted to retain counsel. Therefore, the Court finds that appointment of counsel is not warranted.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

## MOTION TO AMEND (DOC. 6)

Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires," *see Sanders v. Venture Stores, Inc*., 56 F.3d 771, 773 (7th Cir. 1995); and, indeed, the rule expressly grants a plaintiff one opportunity to amend the complaint as a matter of course before a responsive pleading is served.  *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995).  The Court notes that subsequent to filing this motion, Plaintiff filed his amended complaint (Doc. 10).  Therefore, this motion is **MOOT**.

## MOTION ON THE DENIAL OF OUTSIDE EXERCISE (DOC. 7)

This pleading is actually just a brief in support of his complaint; no specific relief is sought. Therefore, it is not a motion, and as such it is **MOOT**.

## AMENDED COMPLAINT (DOC. 10)

This case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

Plaintiff alleges that on June 16, 2003, while in the Illinois River Correctional Center, he received a disciplinary ticket that resulted in three months of segregation and two months of yard denial, among other sanctions.[1]  In July 2003, he was transferred to the Lawrence Correctional Center, where he was assigned to the segregation unit to complete his three-month term of segregation.  For reasons not clear in the complaint, Plaintiff remained in segregation until November 22, 2003.  The subject of this action, though, is not the disciplinary ticket nor the time in segregation.  Rather, Plaintiff filed this action because, from June 28 through November 25, he alleges that he was not allowed any outdoor yard privilege.  He alleges that he made a request to Dempsey in October 2003, and also filed a grievance at the end of that month as well as another in November.

> In recent years we have not only acknowledged that a lack of exercise can rise to a constitutional violation, *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1986), but have concluded that "exercise is now regarded in many quarters as an indispensable component of preventive medicine." *Anderson v. Romero*, 72 F.3d 518, 528 (7th Cir. 1995).  Given current norms, exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being.
>
> Although we have recognized the value of exercise and its medicinal effects, we have also consistently held that short-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation.  *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (70-day denial permissible); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (28 day denial not deprivation); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1089 (7th

---

[1]  A copy of one adjustment committee summary is attached to the amended complaint.  That report involves a ticket written June 25, 2003, for refusing a cell mate; that hearing resulted in sanctions of just one month across-the-board, including loss of yard time for one month.  That ticket also states that it was Plaintiff's sixth offense for this same charge, and that his punishment was to run consecutively to any prior sanctions already issued.

> Cir. 1986) (limited recreational activities sufficient, where average prison stay was 10 days or less); *Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986) (no deprivation where exercise was denied for 30 days, but then allowed one hour indoor exercise for next 6 months); *but see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (viable constitutional claim where prisoner denied recreational opportunities for 7 weeks); *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (1989) (reversing summary judgment for prison officials where segregated prisoner denied exercise for 101 days).

*Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001). Based on these standards, the Court is unable to dismiss Plaintiff's claim against Dempsey at this point in the litigation. *See* 28 U.S.C. § 1915A.

However, it appears from the exhibits that by the time his grievances worked up through the system to Anderson and Tucker, Plaintiff's yard restriction had been restored. Therefore, neither Anderson or Tucker were personally involved in the decisions regarding Plaintiff's access to the yard, and he has not stated a viable constitutional claim against either.

**IT IS THEREFORE ORDERED** that Defendants **ANDERSON** and **TUCKER** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **DEMPSEY**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **DEMPSEY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is

mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   August 1, 2005.**

/s/   David RHerndon
**DISTRICT JUDGE**

- 6 -