IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ZAKII TAWWAB WAHIID,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Case No. 04-875-DRH |
| ) | |
| **SCOTT DEMPSEY,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Zakii Tawwab Wahiid filed this action pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at Illinois River and Lawrence Correctional Centers. Specifically, plaintiff alleges that, as a result of disciplinary measures, he was segregated from the general prison population and was not allowed to go outside for exercise or sunlight between June 28 and November 25, 2003, a total of approximately 132 days. He claims that the lengthy deprivation of outside "yard" privileges violates his Eighth Amendment right to be free from cruel and unusual punishment (Doc. No. 10).

Pending at this time is defendant's motion for summary judgment (Doc. No. 15). Defendant seeks judgment in his favor, arguing that cumulative deprivation of relatively short periods of yard restrictions did not violate the Eighth Amendment. Defendant also argues that he is entitled to qualified immunity. The motion is opposed (Doc. No. 19).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Prison officials who know about and disregard an excessive risk to an inmate's health are liable for a violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), *Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001)(finding that a complete 6-month denial of all out-of-cell exercise raised constitutional concerns). Because a lengthy deprivation of out-of-cell exercise may create an excessive risk to an inmates's health, long-term segregation inmates are normally entitled to a minimum of 5 hours of exercise each week. In this context, "long-term" means longer than 90 days. *Pearson v. Ramos*, 237 F.3d 881, 884-85 (7th Cir. 2001). The 90-day threshold is considered on a per-incident basis. In other words, inmates may not violate disciplinary rules multiple times and stack the sanctions in order to create an Eighth Amendment violation. *Id*.

The materials submitted show that plaintiff was disciplined for violating prison rules in June, 2003. The first disciplinary measure was based on two rule violations (intimidation or threats and disobeying a direct order) and resulted in three months in segregation and a three-month yard restriction. The other two incidents (also disobeying a direct order) each resulted in one month of segregation and a one-month yard restriction. For purposes of this motion, the Court infers that, as a result of the rule infractions, plaintiff received no out-of-cell exercise for 132 consecutive days. The Court is aware that 132 days without out-of-cell exercise may have had an adverse effect on plaintiff's physical and mental well-being; however, absent competent evidence on that point, the Court declines to infer that plaintiff's physical or mental health actually deteriorated as a result of

the lack of outdoor exercise. *Pearson v. Ramos*, 237 F.3d at 886. In any event, because plaintiff's out-of-cell exercise was restricted due to his separate rule violations and because the defendant did not segregate plaintiff or restrict plaintiff's access to out-of-cell exercise for more than 90 days for any single rule violation, plaintiff has not been deprived of his Eighth Amendment right to be free from cruel and unusual punishment. Defendant is entitled to judgment in his favor.

IT IS RECOMMENDED that defendant's motion for summary judgment (Doc. No. 15) be GRANTED. Judgment should enter in favor of the defendant.

SUBMITTED:      November 30, 2005      .


 S/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE